UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
IN ADMIRALY

CASE NO. 06-21805-CIV-KING

IN THE MATTER OF THE COMPLAINT OF:
TRIPLECHECK, INC. d/b/a SEA-TOW-MIAMI,
as owner of a 2001 33' inflatable Aquascan, for
Exoneration from or Limitation of Liability,

      Plaintiff.
_____/

**CLAIMANT'S MOTION, STIPULATION AND
SUPPORTING MEMORANDUM OF LAW IN SUPPORT OF
A STAY OF THESE FEDERAL COURT PROCEEDINGS
<u>PENDING ADJUDICATION OF STATE COURT ACTION</u>**

    Claimant, JUAN DANIEL FERNANDEZ, files his Motion for Stay of these Federal Court proceedings for "Exoneration from or Limitation of Liability" and, as grounds therefore asserts:

    1.    On July 20, 2006, the Petitioners filed their Petition for Exoneration from or Limitation of Liability.

    2.    The filing of that Petition, which frames the subject matter of these proceedings in this Court, occurred after the May 12, 2006, filing and service of Claimant, JUAN DANIEL FERNANDEZ's, Florida state court complaint for damages and demand for jury trial arising from the traumatic loss of vision and removal of his right eye after a pelican hook struck JUAN DANIEL FERNANDEZ in the forehead while he was involved in salvage operations.

    3.    The case is styled *Juan Daniel Fernandez vs. Triplecheck, Inc. d/b/a Sea Tow – Miami, a Florida corporation*, Case No. 06-09245 CA 24, and it is filed in Miami-Dade County, Florida.

CASE NO. 06-21805-CIV-KING

4.   JUAN DANIEL FERNANDEZ seeks a stay of these Federal Court proceedings so that he may continue to pursue his action at law for damages. This request is premised upon the "saving to suitors" clause contained in 28 U.S.C. §1333(I), which provides that "[t]he district court shall have original jurisdiction, exclusive of the court of the States, of":

> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

While JUAN DANIEL FERNANDEZ, acknowledges that this Court's exclusive jurisdiction over limitation of liability actions, the exercise of such jurisdiction must be reconciled with the savings to suitors clause contained within 28 U.S.C. 1333(1). *See, e.g., In the Matter of the Complaint of Fury Flyer, Inc.*, Case No. 04-10094-Civ-Highsmith (copy of order attached) (staying limitation of liability action pending disposition of claimant's state court action, noting that a plaintiff's right to limit liability must be balanced with the claimant's right to pursue state court remedies); *Complaint of Cannon*, 487 F. Supp. 26, 27 (S.D. Fla. 1980). *Accord, Ex Parte Green*, 286 U.S. 437 (1932); *Langnes v. Green*, 282 U.S. 531 (1931); *Newton v. Shipman*, 718 F. 2d 959 (9th Cir. 1983); *Universal Towing Co. v. Barrale*, 595 F. 2d 414 (8th Cir. 1979).

5.   In resolving possible conflicts between a federal admiralty proceeding in limiting liability and a Claimant's right to a trial by jury in the state court for common law and statutory claims and remedies, the courts have developed two exceptions to the district court's exclusive

jurisdiction. One is the "single claimant exception," which applies in the instant case and justifies granting a stay of Petitioners' Limitation of Liability proceedings filed in this Court.[1]

6. The "single claimant exception" applies when only one claim has been filed and nothing appears to suggest the possibility of another claim. *See* citations *infra*. JUAN DANIEL FERNANDEZ was the only person injured in the April 15, 2006, incident involving the Sea-Tow vessel known as the 2001 33' inflatable Aquascan identified by official number FL3079LP. A single Claimant is permitted to pursue a separate claim (currently pending in the state court in Florida) if the Claimant first stipulates to the district court's continuing, exclusive jurisdiction to decide the owner's right to limit its liability. He must also stipulate that the value of the limitation fund equals the value of the vessel and its cargo and must waive the right to claim res judicata based on any judgment rendered against the vessel owner outside the limitation proceeding. *See Ex Parte Green*, 718 F. 2d 959, 962 (9th Cir. 1983); *Newton v. Shipman*, 718 F. 2d 959, 962 (9th Cir. 1983); *Universal Towing Co. v. Barrale*, 595 F. 2d 414, 418 n. 6 (8th Cir. 1979).[2] Where these stipulations

---

[1] Under the second exception--the multiple-claim exception, based on an adequate fund--numerous courts in multi-claimant cases also have allowed the state action to proceed. *See, e.g., Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957); *Texaco, Inc. v. Williams*, 47 F. 3d 765 (5th Cir.), *cert. denied*, 516 U.S. 907 (1995); *Complaint of Port Arthur Towing on behalf of M/V Miss Carolyn*, 42 F. 3d 312, 316 (5th Cir.), *cert. denied sub nom. Jarreau v. Port Arthur Towing*, 516 U.S. 823 (1995); *Odeco Oil and Gas Co., Drilling Division v. Bonnette*, 4 F. 3d 401 (5th Cir. 1993), *cert. denied*, 511 U.S. 1004 (1994); *Magnolia Marine Transport, Inc. v. LaPlace Towing Corp.*, 964 F. 2d 1571 (5th Cir. 1992).

[2] A stay of the federal action is appropriate even if the plaintiff has sought exoneration as well as limitation in the federal action, which of course is common. *Texaco, Inc. v. Williams*, 47 F. 3d 765, 769 (5th Cir. 1995).

CASE NO. 06-21805-CIV-KING

are made the Court "must dssolve its injunction to permit the single claimant to pursue separate action and a jury trial." *Langnes v. Green*, 282 U.S. 531, 540 (1931).

In *Langes*, the Supreme Court said, 282 U.S. at 541-42:

> To retain the cause would be to preserve the right of the ship owner, but to destroy the right of the suitor in the state court to a common law remedy; to remit the cause to the state court would be to preserve the rights of both parties. The mere statement of these diverse results is sufficient to demonstrate the justice of the latter course; and we do not doubt that, in the exercise of a sound discretion, the district court, following that course, should have granted respondent's motion to dissolve the restraining order so as to permit the cause to proceed in the state court, retaining, as a matter of precaution, the petition for a limitation of liability to be dealt with in the possible but . . . the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court . . . ."

Accordingly, because the Claimant is a "single claimant" and because there is nothing to suggest the possibility of another claim, the Claimant stipulates as follows:

A. The District Court has continuing, exclusive jurisdiction to decide the Petitioners' right to limit their liability;

B. The value of the limitation fund equals the combined value of the vessel and its cargo; and;

C. Claimant waives any claim to res judicata based on any judgment rendered against the vessel owner(s) outside of these limitation proceedings.

**WHEREFORE**, Claimant, JUAN DANIEL FERNANDEZ, respectfully moves this Court grant his Motion to Stay these Federal Court Limitation of Liability proceedings so that he may continue to prosecute his state court action.

4

CASE NO. 06-21805-CIV-KING

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 22nd day of August, 2006 to: **Allan R. Kelley, Esq.**, Fowler White Burnett, P.A., Espirito Santo Plaza, 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131, 305-789-9200.

DE LA HERIA & ASSOCIATES
2100 Coral Way, Suite 500
Miami, Florida 33145
Telephone: 305-858-2808
Telecopier: 305-858-5540

By: _____
RAUL DE LA HERIA
Florida Bar No. 0050474

GONZALO R. DORTA, P.A.
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: 305-441-2299
Telecopier: 305-441-8849

By: _____
GONZALO R. DORTA
Florida Bar No. 650269

JOEL S. PERWIN, P.A.
169 E. Flagler Street
Suite 1422
Miami, Florida 33131
Telephone: 305-779-6090
Telecopier: 305-779-6095

By: _____
JOEL S. PERWIN
Florida Bar No. 316814

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-10094-CIV-HIGHSMITH

IN THE MATTER OF THE
COMPLAINT of FURY FLYER, INC.
and FURY De MEXICO S.A. De C.V. for
Exoneration from or Limitation of
Liability.
_____/



## ORDER

THIS CAUSE is before this Court upon Claimant Debbie Bignall's Motion, Stipulation and Supporting Memorandum of Law in Support of a Stay of these Federal Court Proceedings Pending Adjudication of State Court Action ("Claimant's Motion")(DE #9). This Court has reviewed Claimant's Motion, Petitioners' Memorandum of Law in Opposition to Claimant's Motion (DE #11), Claimant's Reply in Support of Claimant's Motion (DE #12), the case file, and the applicable legal authorities.

It is hereby ORDERED AND ADJUDGED that Claimant's Motion is GRANTED. This action is STAYED pending disposition of the claimant's state court action. However, this Court may take action on those matters that are not subject to determination by the state court and therefore this matter remains OPEN. Additionally, Claimant shall file a status report with this Court every three months (starting on December 31, 2004) advising this Court of the status of the state court proceeding.

DONE AND ORDERED in Chambers, at Miami, Miami-Dade County, Florida, this 22 day of December, 2004.

SHELBY HIGHSMITH
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record

**EXHIBIT**