UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
IN ADMIRALY

CASE NO. 06-21805-CIV-KING

IN THE MATTER OF THE COMPLAINT OF:
TRIPLECHECK, INC. d/b/a SEA-TOW-MIAMI,
as owner of a 2001 33' inflatable Aquascan, for
Exoneration from or Limitation of Liability,

  Plaintiff.
_____/

## VERIFIED CLAIM OF JUAN DANIEL FERNANDEZ

Claimant, JUAN DANIEL FERNANDEZ, asserts a claim against the Plaintiff, TRIPLECHECK, INC., d/b/a SEA-TOW-MIAMI and alleges as follows:

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. This is an action for damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees.

2. At all material times Claimant, JUAN DANIEL FERNANDEZ, is and was a resident of Miami-Dade County, Florida.

3. At all material times, TRIPLECHECK, INC., d/b/a SEA-TOW-MIAMI is and was a Florida corporation having its principal offices in Miami-Dade County, Florida and a Registered Agent in Florida, to wit: James Schooley, Esquire, located at 1635 N. Bayshore Drive, Suite 104, Miami, Florida 33132.

4. At all material times, TRIPLECHECK, INC., d/b/a SEA-TOW-MIAMI is/was the owner of a 2001 33' inflatable Aquascan towing vessel whose official number is FL3079LP, and which is being operated off Haulover Beach Park.

CASE NO. 06-21805-CIV-KING

5. At all material times, TRIPLECHECK, INC., d/b/a SEA-TOW-MIAMI was the operator of the subject vessel which it regularly used for salvage purposes for member and non-member boats in Florida waters.

6. On or about April 15, 2006 while in the course and scope of his employment performing his assigned job task of salvaging and towing another vessel, JUAN DANIEL FERNANDEZ (hereinafter "Plaintiff") was seriously injured as a result of the negligence of the Defendant and unseaworthiness of the Defendant's vessel when a rope broke or a defective pelican hook broke and/or because of the vessel's failure to have adequate protection for said contingencies, was struck in the face causing serious injury and blindness and resulting in painful suffering, disability, mental anguish, loss of capacity for enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earning, and loss of ability to earn money. The losses are either permanent or continuing and JUAN DANIEL FERNANDEZ will suffer these losses in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, interests and costs and any further relief deemed appropriate by this Court. Furthermore, Plaintiff demands a jury trial or all issues triable as a right by jury.

## COUNT I

### JONES ACT NEGLIGENCE

7. Plaintiff was injured due to the fall and negligence of the Defendant and/or his agents, servants, and/or employees, breaching a duty of care to the Plaintiffs, as follows:

   a) Failure to provide a safe place to work due to assignment of unsafe job task;

2

CASE NO. 06-21805-CIV-KING

b) Failure to provide a reasonable safe work place due to the unsafe equipment provided to the Plaintiff and/or lack of equipment provided which created a hazardous condition;

c) Failure to have an adequate and safe rope and/or pelican hook to do the job assigned;

d) Failure to conduct adequate inspections of the work place and failure to discover incorrect and hazardous conditions;

e) Failure to adopt and implement rules and procedures to make the work environment safer;

f) Negligence in providing unsafe equipment which created a hazardous condition in the work place;

g) Failure to use reasonable care to provide care Plaintiff a safe place to work;

h) Failure to ascertain the cause of prior similar actions so as to take measures to prevent their recurrent and more particular Plaintiff's accident;

i) Failure to promulgate and enforce reasonable rules and/or regulations to ensure the safety and health of employees and more particularly the Plaintiff;

j) Failure to provide adequate training, instruction, supervision to the Plaintiff;

k) Failure to follow sound manage policies with the goals of providing Plaintiff a safe place to work;

l) Prior to Plaintiff's accident, failed to investigate the hazardous to the Plaintiff and then take the necessary steps to eliminate the hazardous, minimize the hazard or warn Plaintiff of the danger from the hazardous;

m) Failure to assign an adequate and sufficient number of crewmen on tasks assigned;

n) Failure to provide Plaintiff with a safe job assignment;

o) Failure to adopt and implement adequate safety precautions and equipment in order to prevent or minimize the hazard when these events occur, and more particularly, the events that occur to the Plaintiff;

3

CASE NO. 06-21805-CIV-KING

    p)     Failure to properly give instructions to do the job assigned;

    q)     Assigning Plaintiff a dangerous a job without adequate training, warning or safety precaution and/or equipment; and

    r)     By creating a dangerous job.

8. As a direct and proximate result of the negligence of the Defendant, the Plaintiff is injured about his body and his face and the extremities suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previous existing known and/or unknown condition there from, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, loss wages, and his working ability has been impaired. These injuries as permanent or continuing in nature and the Plaintiff will suffer these losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for compensatory damages, costs, and Court costs and any further relief this Court deems appropriate.

## COUNT II

### UNSEAWORTHINESS

9. Plaintiff readopts realleges paragraphs 1 through 6 and further alleges.

10. The Plaintiff was a seaman and a member of the crew of the Defendant's vessel, which was in navigable waters and in the jurisdiction of the State of Florida.

11. At all times material hereto, the vessel was owned, managed, operated and/or controlled by the Defendants.

12. Defendant had an absolute non-negligible duty to provide Plaintiff with a seaworthy vessel.

4

CASE NO. 06-21805-CIV-KING

13. The unseaworthiness of Defendant's vessel was the legal cause of the injury and damage to the Plaintiff by reason of the following:

    a) The vessel was unsafe and unfit due to the conditions created by the Defendant's conduct as stated in paragraphs 7 and 8 above;

    b) The vessel was unsafe and unfit due to the unsafe working environment created by Defendant;

    c) The vessel was unsafe and unfit due to the equipment provided to the Plaintiff which is not reasonably fit for the intended use;

    d) The vessel was unsafe and unfit due to an unsafe rope, and unsafe hook, and unsafe policies and procedures, and by the failure to utilize reasonable safe and adequate equipment and procedures;

    e) The vessel was unsafe and unfit due to the failure to adopt and implement safety rules and procedures to make the working area safer;

    f) The vessel was unsafe and unfit due to the assignment of job task without adequate assistance or equipment;

    g) The vessel was unsafe and unfit due to dangerous work area;

    h) The vessel was unsafe and unfit due to the assignment of physical task and dangerous task;

    i) The vessel was unsafe and unfit due to the absence of qualified safety personnel to supervise it; and

    j) The vessel was unsafe and unfit due to unsafe procedures.

14. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about his body, face, and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing condition there from, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, loss wages,

5

CASE NO. 06-21805-CIV-KING

and his working ability has been impaired. These injuries as permanent or continuing in nature and the Plaintiff will suffer these losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for compensatory damages, and Court costs, any further relief this Court deems appropriate and demands trial by jury.

## COUNT III

### FAILURE TO PROVIDE MAINTENANCE AND CURE

15. Plaintiff readopts realleges paragraphs 1 through 6 and further alleges.

16. On or about April 15, 2006 Plaintiff, on the service of the vessel as a crewmember, was injured.

17. Under the general Maritime Law, Plaintiff was a seaman, is entitled to recover maintenance and cure from Defendant, until he is declared to have reached maximum possible cure.

18. Defendant willfully and callously and negligently delayed, failed, and refused to pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

19. The Defendant's failure to pay Plaintiff entire maintenance and cure is willful, arbitrate, capricious and in callous disregard for Plaintiff's right as a seaman. As such Plaintiff will be entitled to attorneys' fees under the general Maritime Law of the United States.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for compensatory damages, including attorneys' fees, Court costs, any interest as permitted by law. Plaintiff also demands trial by jury.

CASE NO. 06-21805-CIV-KING

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 22nd day of August, 2006 to: **Allan R. Kelley, Esq.**, Fowler White Burnett, P.A., Espirito Santo Plaza, 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131, 305-789-9200; and to **Joel S. Perwin, Esq.**, Joel S. Perwin, P.A., 169 E. Flagler Street, Suite 1422, Miami, Florida 33131, 305-779-6090.

DE LA HERIA & ASSOCIATES
2100 Coral Way, Suite 500
Miami, Florida 33145
Telephone: 305-858-2808
Telecopier: 305-858-5540

By: _____
RAUL DE LA HERIA
Florida Bar No. 0050474

GONZALO R. DORTA, P.A.
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: 305-441-2299
Telecopier: 305-441-8849

By: _____
GONZALO R. DORTA
Florida Bar No. 650269

JOEL S. PERWIN, P.A.
169 E. Flagler Street
Suite 1422
Miami, Florida 33131
Telephone: 305-779-6090
Telecopier: 305-779-6095

By: _____
JOEL S. PERWIN
Florida Bar No. 316814

7

CASE NO. 06-21805-CIV-KING

## VERIFICATION

I, JUAN DANIEL FERNANDEZ, hereby certify that I am the Claimant of record, in the above style cause declare under the penalty of perjury of the laws of the United States of America and the State of Florida that the foregoing has been read to me and I declare and verity that the matters set forth therein are true and correct to the best of my knowledge, information and belief and that discovery is still ongoing in these matters.

_____
JUAN DANIEL FERNANDEZ